

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-80,814-03

### EX PARTE GLEN DALE HORNER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10480-C IN THE 344TH DISTRICT COURT
### FROM CHAMBERS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted capital murder and burglary of a habitation and sentenced to ninety-nine years' imprisonment on each count. The Fourteenth Court of Appeals affirmed his convictions. *Horner v. State*, No. 14-02-00184-CR (Tex. App.—Houston [14th Dist.] June 12, 2003) (not designated for publication).

Applicant contends, among other things, that trial counsel failed to investigate and obtain an exculpatory DNA report. He also contends that the State failed to disclose this DNA report.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Brady v. Maryland*, 373 U.S. 83 (1963); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order Cheryl Lieck and Steve Greene to respond and state whether a DNA report was in the State's possession and whether it was disclosed to counsel. The trial court may also order trial counsel to file a second response. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether a DNA report was in the State's possession, the State failed to disclose it, and it was material to Applicant's guilt or punishment. The trial court shall also make findings and conclusions as to whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall

be obtained from this Court.

Filed: August 26, 2015
Do not publish